IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| McKEL E. MOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-769-JHP-PJC |
| ) | |
| PRINCIPAL LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion For Discovery and Brief in Support [Doc. No. 26], Defendant's Response in Opposition to Plaintiff's Motion [Doc. No. 27], and Plaintiff's Reply to Defendant's Response [Doc. No. 28]. Also before the Court is an Objection To the Administrative Record filed by the Plaintiff [Doc. No 30], Defendant's Response to Plaintiff's Objection [Doc. No. 34], an Errata/Correction to Defendant's Response to include Exhibits which were inadvertently left out of the initially filed response brief [Doc. No. 35] and Plaintiff's Reply to Defendant's Response [Doc. No. 37]. For the reasons stated herein, this Court hereby **DENIES** the Motion For Discovery and **GRANTS IN PART, AND DENIES IN PART** the Objection to the Administrative Record.

**BACKGROUND**

Plaintiff McKel E. Mock brought suit against Principal Life Insurance Company (hereinafter "Principal") pursuant to the Employee retirement Income Security Act or 1974 (hereinafter "ERISA"), 29 U.S.C. §1001 *et seq*. alleging she was wrongfully denied health care benefits relating to a shoulder surgery she received in January, 2007. Plaintiff had been treating with Dr. Jeff A. Fox in Tulsa, Oklahoma, who referred Ms. Mock to a surgeon in Colorado for a complex revision

1

capsular reconstruction of her right shoulder as Dr. Fox stated this was not a procedure which is performed in Oklahoma. Plaintiff's surgery was conducted by Dr. Peter Millett, a surgeon practicing in Vail, Colorado. Dr. Millett was not an "in network PPO provider" under Plaintiff's insurance policy. However, Plaintiff alleges that prior to having the procedure, she communicated with Principal about having the procedure and Principal assured her that her maximum out-of-pocket cost would be $10,000.00. Plaintiff also alleges that Principal told her that there was no need to have Dr. Millett "pre-approved" because his services would be covered as if he were an "in-network PPO provider" since he was the closest physician who could perform the procedure.

Although Principal paid a portion of the medical bills incurred for the Plaintiff's surgery, the Plaintiff claims Principal intentionally and improperly miscalculated the amount of benefits owed in order to pay as little as possible towards the Plaintiff's surgical bills. Plaintiff claims Principal has not been forthcoming regarding how Plaintiff's benefits were calculated and has confused not only the Plaintiff but the physicians with its inconsistent payments scheme.

## **DISCUSSION**

### **I.   MOTION TO CONDUCT DISCOVERY**

Plaintiff is requesting to conduct discovery in this matter to discover evidence regarding Principal's benefits calculations which Plaintiff claims are solely in the possession and in the knowledge of Principal and not contained in the administrative record. Plaintiff also seeks discovery to determine "whether Principal calculated her benefits in bad faith." [Doc. No. 26, pg. 15] The Defendant argues that discovery is generally prohibited in ERISA litigation and should not be allowed in this case.

## A. Standard Of Review

The parties initially disagree over the standard of review in this case. The Plaintiff argues the applicable standard of review is *de novo*, while the Defendant contends the case should be reviewed under an arbitrary and capricious standard.

The United States Supreme Court in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80(1989), wrote that a denial of ERISA benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* "If the plan grants discretionary authority to the administrator or fiduciary, the exercise of that authority will be set aside only if it is arbitrary or capricious." *Nance v. Sun Life Assurance Co. of Canada,* 294 F.3d 1263, 1267-68 (10th Cir. 2002) (citing *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825 (10th Cir.1996)). Here, the Plaintiff's health care plan states:

> The Principal has complete discretion to construe or interpret the provisions of this group insurance policy, to determine eligibility for benefits, and to determine the type and extent of benefits, if any to be provided. The decisions of The Principal in such matter shall be controlling, binding and final as between The Principal and persons covered by this Group Policy, subject to the Claims Procedures in Part IV, Section C.
> [Doc. No. 26-10]

Since the language of the plan clearly gives the administrator authority to determine eligibility benefits and construe the terms of the plan, under *Firestone*, an arbitrary and capricious standard of review should apply.

Plaintiff argues that despite the language of the policy, a *de novo* standard of review is applicable because an inherent conflict of interest exists when the plan administrator both determines and pays benefits. Plaintiff contends that because a conflict of interest exists in this case,

the "court's review is less deferential." [Doc. No. 26] The Tenth Circuit addressed this issue recently in *Holcomb v. Unum Life Ins. Co. of America*, 578 F.3d 1187, 1192-93 (10th Cir. 2009) wherein the Court recognized that "in prior cases where a plan administrator has operated under a similar conflict, we have shifted the burden to the administrator 'to establish by substantial evidence that the denial of benefits was not arbitrary and capricious.'" *Id*. (Citing *Fought v. Unum Life Ins. Co. of America*, 379 F.3d 997, 1005 (10th Cir. 2004)) However, "[*Metropolitan Life Insurance Co. v. Glenn,* __ U.S. __, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008)] expressly rejects and therefore abrogates this approach." *Id. (*Citing *Glenn*, 128 S.Ct. at 2351 (holding it is not "necessary or desirable for courts to create special burden-of-proof  rules, or other special procedural or evidentiary rules focused narrowly upon the evaluator/payor conflict")).  The Court determined that "*Glenn* embraces instead a combination-of-factors method of review that allows judges to tak[e] account of several different, often case-specific, factors" allowing the Court to reach a result by weighing all factors together. *Holcomb* at 1193.

In light of the Court's ruling in *Holcomb* that a conflict of interest will no longer shift the standard of review from arbitrary and capricious to *de novo*, we find the applicable standard of review in this case to be arbitrary and capricious.

### B. Request For Discovery

In determining whether to allow discovery in an ERISA litigation the Tenth Circuit has held that "the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision." *Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377 (10th Cir. 1992). In *Hall v. Unum Life Insurance Company of America,* 300 F.3d 1197 (10th Cir. 2002)*,* the Tenth Circuit "emphasize[d] that it is the unusual case in which the district court should

allow supplementation of the record." However, the Court in *Hall* provided the following non-exhaustive list of exceptional circumstances that ***could*** justify such a course of action when the Court is proceeding under a *de novo* standard of review:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.
> *Id*. (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir.1993).

However, even if these circumstances are present, "district courts are not required to admit additional evidence ... because a court "may well conclude that the case can be properly resolved on the administrative record without the need to put the parties to additional delay and expense." *Id.*

Additionally, the Tenth Circuit has held allowing discovery beyond the administrative record would not comply with purpose of ERISA. In *Sandoval*, the court stated:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal. If district courts heard evidence not presented to plan administrators, employees and their beneficiaries would receive less protection than Congress intended.
> *Id*. at 380 (quoting *Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990)).

Although Courts have occasionally allowed extra-record discovery, it has almost consistently been in cases where the standard of review is *de novo*. See *Hall,* 300 F.3d 1197; *Jewell v. Life Ins.*

*Co. Of North America*, 987 F.2d 1017 (4th Cir. 1993). Few Courts have allowed extra-record discovery when an arbitrary or capricious standard of review applies and where they do it usually is in cases involving disability insurance policies and allowing discovery only as to the conflict of interest allegations. *See Kohut v. Hartford Life and Acc. Ins. Co.*, 2008 WL 5246163, *12-13 (D.Colo., December 16, 2008); *Paul v. Hartford Life and Accident Ins. Co.*, 2008 WL 2945607, at *2 (D.Colo. July 28, 2008). The Court's holding in *Hall*, as well as other similar court decisions seems to firmly prohibit extra-record discovery under the circumstances in this case. *Id.*

The Court finds unpersuasive the Plaintiff's argument that evidence of how the Defendant calculated the Plaintiff's benefits is necessary and appropriate for discovery. The Court finds this case can be properly resolved on the administrative record without the need for additional discovery. As such, Plaintiff's motion for discovery is **DENIED**.

## II.    OBJECTION TO ADMINISTRATIVE RECORD

On October 19, 2010, the Defendant, filed the administrative record in this matter. The Plaintiff has filed an objection to the administrative record citing various documents she believes were inappropriately left out of the record, and objecting to the format in which the records were produced. Under Tenth Circuit precedent, the administrative record should contain only the evidence before the plan administrator at the time it made the decision to deny benefits. *Adamson v. Unum Life Ins. Co. of America,* 455 F.3d 1209, 1214 (10th Cir.2006); *Nance v. Sun Life Assurance Co. of Canada,* 294 F.3d 1263, 1269 (10th Cir.2002); *Sandoval v. Aetna Life & Cas. Ins. Co.,* 967 F.2d 377, 380 (10th Cir.1992).[1]

---

[1] The initial objection to the administrative record filed by the Plaintiff had various objections including an objection to the omission of a letter from Dr. Fox, and objections to the omissions of additional explanations of benefits. After the date of Plaintiff's Objections, but

### A. Order of Documents in the Administrative Record

Plaintiff objects to the administrative record as produced arguing that some of the documents should be re-ordered and the duplicate documents removed from the record. Plaintiff contends that some of the documents were intentionally placed in different sections of the administrative record to give the perception that they were sent on certain dates when in fact, Plaintiff contends they were sent on different dates, or not at all. However, the Defendant contends the documents were produced as they were kept in the normal course of business and in the order they would have been reviewed by the administrator in making the claims decision. Although this may lead to some duplication of documents and some confusion over placement of certain documents, the Court is required to have the administrative record as it was reviewed by the plan administrator at the time the decision to deny benefits was made. The Plaintiff has not presented any proof that the documents have been intentionally rearranged to mislead the Court or that the documents as submitted are not how they are normally kept by the Defendant in the course of business.

If the Plaintiff feels rearranging the documents presents a better picture of what occurred, she is free to provide a different version of the documents as an attachment to her brief. For the foregoing reasons Plaintiff's objection to the administrative record as to this matter is **DENIED**.

### B. Omission of "Benefit Summaries"

Plaintiff further contends the administrative record does not include two documents which

---

before Defendant's Response the parties came to a mutual resolution as to these items. As such the Court finds these objections are moot and will not address them in this Order. The Plaintiff also initially re-urged her request for additional discovery in her objection to the administrative record. In light of the Court's ruling in this Order, that request is deemed Denied.

seem to summarize the Plaintiff's benefits under the Defendant's insurance policy. The first document [Doc. No. 30-13] is entitled Gajeske, Inc. Benefit Summary. Defendant states the document was not prepared by Principal. The document states it was "prepared by Rolly Leguizamon." [Doc. No. 30-13] The document further states "[t]his is a summary of benefits for illustration only. Please review your group contract plan for details." As such Defendant claims this document was not only not created by Principal, but was not relied on by the administrator in making a benefits decision. Since this is only a summary of the benefits provided by the policy, the controlling document relied on by the administrator in making decisions would have been the policy itself, which is included in the administrative record.

The second document is very similar in content. It is titled Gajeske, Inc., H14843-1 Med 1235 RX 94 [Doc. No. 30-14]. Although the Defendant acknowledges this document was prepared by Principal, it claims it was not relied on in making benefits decisions because it is also only a summary of benefits. The documents states "[t]his is a summary of medical and prescription drug coverage from Principal Life Insurance Company...". [Doc. No. 30-14] It further states "you'll receive a benefit book with details about your coverage." [Doc. No. 30-14] Because this document is also a summary of the plan, the actual policy would have been controlling as to any coverage decisions made by the administrator. As such, the Plaintiff's request to supplement the administrative record with these documents is **DENIED**.

### C. Omitted Explanation of Benefits and Letter

Lastly, Plaintiff contends that the Defendant improperly omitted an Explanation of Benefits [Doc. No. 30-11] which shows services paid and denied regarding Plaintiff's surgery, and a letter sent to Noel Mock, the Plaintiff's father, on February 8, 2008, regarding the plan benefits for the

Plaintiff's surgery. [Doc. No. 30-12]. The Defendant contends both of these documents are in the administrative record but are in the format in which they are kept by Principal which is different than the document produced by the Plaintiff. The Defendant argues there is no reason to supplement the record with these documents because the pertinent information is already a part of the record although presented differently. [Doc. No. 31-3, pgs. 34-36] The Plaintiff disagrees.

The Plaintiff argues that the documents in the administrative record do not contain the same information. Plaintiff contends that Explanation of Benefits located in the administrative record does not contain information regarding "Charges Allowed." The version of the letter to Noel Mock in the administrative record is similar in content but is clearly a form letter with the information specific to this claim not included. [Doc. No. 31-4, pg.39] The letter presented by the Plaintiff has all of the relevant information, which is not included in the version enclosed in the record, filled in and completed as to this claim.

The Plaintiff also argues that the administrative record contains other explanations of benefits and letters in the same formats as the one produced by the Plaintiff. As such, the Plaintiff contends it is inconsistent for the Defendant to argue that it does not keep these documents in these formats yet produce some in one format and others on a different format.

The Court agrees with the Plaintiff and **GRANTS** Plaintiff's Request To Supplement the Administrative Record as to the Explanation of Benefits [Doc. No. 30-11] and the letter to Noel Mock [Doc. No. 30-12].

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion For Discovery is hereby

**DENIED** and Plaintiff's Objection To The Administrative Record is **GRANTED IN PART**, and **DENIED IN PART**.

*[Signature]*

James H. Payne
United States District Judge
Northern District of Oklahoma